**Richard S. THOMPSON, Plaintiff,**

v.

**LIQUICHIMICA OF AMERICA, INC., Liquichimica S.p.A., Liqam, Inc., Liquigas S.p.A. Liquifin of America, Inc. and Liquigas (Jersey) Holdings, Ltd., Defendants.**

**No. 79 Civ. 3540.**

United States District Court, S. D. New York.

Nov. 1, 1979.

Giallorenzi & Campbell, New York City, for plaintiff; Edward A. Keane, New York City, of counsel.

Mudge, Rose, Guthrie & Alexander, New York City, for defendants; Leonard Garment, Donald J. Zoeller, Harold G. Levison, Edward H. Burnbaum, Jr., New York City, of counsel.

LASKER, District Judge.

In our earlier opinion, Richard Thompson's motion for a preliminary injunction was denied and his original complaint was dismissed. In addition, his motion to amend the complaint to add two causes of action was denied as to one of the proposed causes of action, and decision was reserved as to the other pending supplementary briefing by the parties. The reserved question is now ripe for decision.

In his proposed fifth cause of action, Thompson alleges that by the letter of February 9, 1979, signed by himself and representatives of the defendants, the defendants bound themselves, in consideration for Thompson's temporary waiver of his rights under an earlier agreement, "to use their best efforts to reach an agreement" to sell Liquichimica of America, Inc. ("LOA") to Thompson, either with or without certain Ronson Corporation stock owned by the de-

fendants,[1] and that the defendants breached this agreement because they did not use their "best efforts" to reach an agreement for the sale of LOA to him.

In determining whether Thompson's motion to amend his complaint to assert this claim should be granted, the issue is whether, on any view of the facts, the letter of February 9, 1979, constitutes an enforceable contract.

Thompson argues that several cases support the proposition that an agreement to use best efforts to reach an agreement can be enforced at law, including *Arnold Palmer Golf Co. v. Fuqua Industries, Inc.*, 541 F.2d 584 (6th Cir. 1976) and *Itek Corp. v. Chicago Aerial Industries, Inc.*, 248 A.2d 625 (Del.1968). The defendants read these cases much more narrowly, as holding only that "an agreement to use 'best' or 'reasonable' efforts to reduce to formal writing an agreement between the parties may be enforceable if the parties have in fact reached agreement on the underlying transaction." Defendants' Supplemental Memorandum at 2. This construction seems too constricted. If agreement has been reached on the underlying transaction, there would be no need to sue for breach of an agreement to use best efforts to memorialize the basic agreement. In any event, whether the rule of the cited cases is such as to cover the case at hand, there is nothing illogical about permitting suit on the basis of an agreement to use best efforts to conclude an agreement. Unlike an "agreement to agree", which does not constitute a "closed" proposition, and consequently is not an agreement at all, an agreement to use best efforts is a closed proposition, discrete and actionable. Such an agreement does not require that the agreement sought be achieved, but does require that the parties work to achieve it actively and in good faith.

We conclude that Thompson's proposed fifth cause of action states a claim. Although, in the light of our earlier opinion,

he is not entitled to sue the defendants simply because the alleged agreement to sell LOA was not reached or consummated, he is entitled to prove that the parties intended to bind themselves to use their best efforts to reach an agreement and that the defendants failed to proceed in good faith or to use their best efforts.

The motion to amend the complaint is granted.

It is so ordered.

---

1. The letter is quoted in full in our earlier opinion in this case, which appears at 481 F.Supp. 361.